UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

METROPOLITAN LIFE INSURANCE
COMPANY,

    Plaintiff,

vs.

DANIEL MCDOWELL, PATRIAN
MCDOWELL, TIMOTHY MCDOWELL,
CALEB MCDOWELL AND LOUISE
MCDOWELL

    Defendants.
_____/

## COMPLAINT IN INTERPLEADER

The Plaintiff, Metropolitan Life Insurance Company ("MetLife"), by and through its attorneys, and for its Complaint in Interpleader states:

## PARTIES

1. Interpleader Plaintiff MetLife is a corporation organized under the laws of the State of New York, with its principal place of business in New York. It is duly licensed to do business in the State of Florida.

2. Upon information and belief, Defendant Daniel McDowell ("Daniel") is the child of Ethel Rose McDowell (the "Decedent"), and he resides in Miami, Florida.

3. Upon information and belief, Defendant Patrian McDowell ("Patrian") is the child of the Decedent, and she resides in Miami, Florida.

4. Upon information and belief, Defendant Timothy McDowell ("Timothy") is the child of the Decedent, and he resides in Athens, Georgia.

5. Upon information and belief, Defendant Caleb McDowell ("Caleb") is the child of the Decedent, and he resides in Florida City, Florida.

6. Upon information and belief, Defendant Louise McDowell ("Louise") is the child of the Decedent, and she resides in Winder, Georgia.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1335 because the interpleader fund exceeds $500.00, and two or more adverse claimants to the benefits are of diverse citizenship.

8. Venue is proper pursuant to 28 U.S.C. § 1397 because at least one of the claimants, in this case Defendants Daniel McDowell, Patrian McDowell, and Caleb McDowell, reside in this judicial district.

## CAUSE OF ACTION IN INTERPLEADER

9. The Decedent was an employee of the Miami-Dade County Public Schools and had life insurance coverage through group policy number 6024400-G ("the Policy") issued by MetLife to Miami-Dade County Public Schools. A true and correct copy of the Policy is attached as **Exhibit A**.

10. At the time of her death, the Decedent was enrolled for group basic life in the amount of TWENTY THOUSAND DOLLARS ($20,000) (the "Life Insurance Benefits"). The Life Insurance Benefits became payable to the proper beneficiary or beneficiaries upon the Decedent's death. **Exhibit A** at p. 26.

11. The Decedent died on March 28, 2017. A true and correct copy of the Decedent's death certificate is attached as **Exhibit B**.

12. From January 1, 2014, to March 17, 2017, the Decedent's beneficiary designation for the Life Insurance Benefits were as follows: 25% to Daniel, 25% to Patrian, 25% to Timothy, and 25% to Caleb ("2014 Beneficiary Designation"). A true and correct copy of the 2014 Beneficiary Designation is attached as **Exhibit C**.

13. On March 17, 2017, MetLife received a new beneficiary designation from the Decedent which designated 100% of the Life Insurance Benefits to Louise ("2017 Beneficiary Designation"). A true and correct copy of the 2017 Beneficiary Designation form is attached as **Exhibit D**.

14. Patrian submitted a claim form for the Life Insurance Benefits to MetLife on May 18, 2017, and argued in a letter dated June 8, 2017, that the 2017 Beneficiary Designation was improper because the Decedent was non-responsive when the new designation was submitted. A true and correct copy of Patrian's claim form is attached as **Exhibit E**, and a true and correct copy of Patrian's letter is attached as **Exhibit F**.

15. Louise submitted a claim form for the Life Insurance Benefits to MetLife dated June 13, 2017. A true and correct copy Louise's claim form is attached as **Exhibit G**.

16. Louise argued that the Decedent had requested that Louise's name be updated on all of her insurance policies back in August 2016, and sent Metlife two letters: one from a witness to the signing of the 2017 Beneficiary Designation form stating that the Decedent was alert and oriented when signing the form, and one from the Decedent's child Anthony McDowell stating that the Decedent was going to change the beneficiary on all of her policies to Louise. A true and correct copy of Louise's letter is attached as **Exhibit H**, a true and correct copy of the

witness' letter is attached as **Exhibit I**, and a true and correct copy of Anthony McDowell's letter is attached as **Exhibit J**.

17. MetLife cannot determine whether the Decedent had the capacity to make the beneficiary change as of the time she signed the 2017 Beneficiary Designation, and accordingly is unable to determine the proper beneficiary of the Life Insurance Benefits at issue without risking exposure of itself and the Miami-Dade County Public Schools to double liability.

18. By letter dated August 24, 2017, MetLife advised the Defendants that their claims were adverse to one another and raised questions of fact and law that could not be resolved by MetLife without exposing itself to the danger of double liability. MetLife gave Defendants an opportunity to try and resolve this matter in order to preserve the Policy Benefits from litigation costs and fees.  A true and correct copy of MetLife's letter to the claimants is attached as **Exhibit K**.

19. As a mere stakeholder, MetLife has no interest in the Life Insurance Benefits (except to recover its attorney's fees and costs of this action).  MetLife therefore respectfully requests that this Court determine to whom said Life Insurance Benefits should be paid.

20. MetLife is ready, willing, and able to pay the Life Insurance Benefits in accordance with the terms of the Miami-Dade County Public School insurance coverage, in such amounts and to whichever Defendant or Defendants the Court shall designate.

21. MetLife will deposit into the Registry of the Court the Life Insurance Benefits, plus any applicable interest for disbursement in accordance with the Judgment of this Court.

WHEREFORE, MetLife demands judgment as follows:

(i) Restraining and enjoining the Defendants by Order and Injunction of this Court from instituting any action or proceeding in any federal, state, or administrative

forum against MetLife or Miami-Dade County Public Schools for the recovery of the Life Insurance Benefits, plus any applicable interest by reason of the death of the Decedent;

(ii) Requiring that Defendants litigate or settle and agree between themselves their claims for the Life Insurance Benefits, or upon their failure to do so, that this Court settle and adjust their claims and determine to whom the Life Insurance Benefits, plus any applicable interest, should be paid;

(iii) Permitting MetLife to pay into the Registry of the Court the Life Insurance Benefits, plus any applicable interest;

(iv) Dismissing MetLife with prejudice from this action and discharging MetLife and the Miami-Dade County Public School from any further liability upon payment of the Life Insurance Benefits, plus any applicable interest into the Registry of this Court, or as otherwise directed by this Court;

(v) Awarding MetLife its costs and attorney's fees; and

(vi) Awarding MetLife such other and further relief as this Court deems just equitable and proper.

Dated: February 16, 2018

EDISON, MCDOWELL & HETHERINGTON LLP
Attorneys for Defendant
2101 N.W. Corporate Blvd., Suite 316
Boca Raton, FL 33431
(561) 994-4311
(561) 982-8985 fax

By: ___s/Stephanie A. Segalini
    STEPHANIE A. SEGALINI
    Fla. Bar No. 0092630
    stephanie.segalini@emhllp.com
    STUART L. RIMLAND
    Fla. Bar No. 0119794
    stuart.rimland@emhllp.com