United States District Court
for the
Southern District of Florida

| Metropolitan Life Insurance Company, Plaintiff, | ) ) ) | |
|---|---|---|
| v. | ) ) ) | Civil Action No. 18-20618-Civ-Scola |
| Daniel McDowell and others, Defendants. | ) ) | |

### Order Granting Extension of Time to Serve Defendants Timothy McDowell and Daniel McDowell

A plaintiff must serve the defendant with a summons and a copy of the complaint within 90 days after filing the complaint. Fed. R. Civ. P. 4(c)(1) & 4(m). In this case, the Plaintiff Metropolitan Life Insurance Company filed this interpleader action against Defendants Daniel McDowell, Patrian McDowell, Timothy McDowell, Caleb McDowell, and Louise McDowell, on February 16, 2018, and service is required by May 17, 2018. On May 11, 2018, the Plaintiff filed a motion for extension of time to serve the Defendants Daniel and Timothy McDowell, alleging that the Plaintiff has encountered difficulties in locating these Defendants, despite diligent efforts. (Mot., ECF No. 22.) The Plaintiff's motion references several attempts to locate current addresses for these Defendants after the Defendants failed to return executed waivers of service, two failed attempts to serve them in person, and the Plaintiff's resulting intent to engage an investigator to locate them. (*See id.*; Lautier Aff., ECF No. 22-1.)

Where a plaintiff fails to properly serve a defendant within 90 days, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). "Good cause exists 'only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.'" *Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (quoting *Prisco v. Frank,* 929 F.2d 603, 604 (11th Cir. 1991) (per curiam)). Therefore, a plaintiff demonstrating good cause for his or her delay must show he or she "(1) has proceeded in good faith; (2) has a reasonable basis for noncompliance and (3) the basis for the delay was more than simple inadvertence or mistake." *Durgin v. Mon,* 659 F. Supp. 2d 1240, 1258 (S.D. Fla. 2009) (Marra, J.).

The Plaintiff asserts that good cause exists for its failure to serve the Defendants, because it has been unable to locate good addresses or serve the

Defendants, despite several attempts to do so. The Plaintiff's allegations, supported by affidavit, support that assertion. Therefore, the Court **grants** the motion to extend the deadline to serve the Defendants Timothy McDowell and Daniel McDowell (**ECF No. 22**). The Plaintiff must serve the Defendants on or before **June 18, 2018.** If the Plaintiff does not serve the Defendants by that date, and does not show good cause for its failure, Court will dismiss the action against these Defendants.

**Done and ordered** at Miami, Florida, on May 15, 2018.

Robert N. Scola, Jr.
United States District Judge