United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Metropolitan Life Insurance Company, Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 18-20618-Civ-Scola |
| Daniel McDowell and others, Defendants. | ) ) ) | |

### Opinion Order Granting Motion for Default Judgment and Entering Default Judgment for Louise McDowell

Before the Court is a motion for default judgment (the "Motion," ECF No. 44) filed by Defendant Louise McDowell ("Louise"). Having considered the Motion, the record and the applicable law, the Court **grants** the Motion (**ECF No. 44**), enters default judgment in favor of Louise and closes this case.

1. **Factual and Procedural Background**

This case involves competing claims for life insurance benefits arising from the death of Ethel McDowell ("Ethel"). (*See* Compl., ECF No. 1.) At the time of her death, Ethel McDowell was enrolled in a plan for life insurance coverage (the "Policy") in the amount of $20,000.00. (*Id.*) After Ethel's death a dispute arose amongst the Defendants, who are Ethel's children, as to the proper beneficiary or beneficiaries of the proceeds of the Policy.

The Plaintiff effectuated legally sufficient service on each Defendant. Defendants Daniel McDowell and Patrian McDowell waived service and were required to respond to Complaint by April 23, 2018 and May 7, 2018, respectively. (ECF Nos. 9, 26.) Defendants Caleb McDowell and Louise were each served with process and required to respond to the Complaint by May 21, 2018. (ECF Nos. 23, 24.) And Defendant Timothy McDowell was served by publication by August 3, 2018 (ECF Nos. 28-30), and was required to respond to the Complaint by September 28, 2018.

When none of the Defendants timely responded, the Clerk of Court entered default against them all on October 12, 2018. (ECF No. 35.) On that same date, Louise filed a notice of appearance, a motion to vacate Clerk's default, and an answer to the Complaint. (ECF Nos. 34, 36, 37.) The Court vacated Clerk's default only as to Louise on November 1, 2018. (ECF No. 39.) Later, on November 5, 2018, Plaintiff Metropolitan Life Insurance Company ("Metropolitan") moved for the entry of default judgment against Caleb, Daniel,

Patrian and Timothy McDowell (the "Defaulting Defendants"). (ECF No. 40.) The Court denied that motion, and ordered Metropolitan to deposit the life insurance proceeds in dispute into the registry of court and Louise to move for default judgment against the Defaulting Defendants. (ECF No. 41.) Louise filed the Motion on November 26, 2018 (ECF No. 44), and Metropolitan deposited the funds at issue into the registry of court on December 13, 2018, (ECF No. 47).

## 2. Analysis

### A. Jurisdiction

The Court first considers its jurisdiction. This interpleader action was brought under 28 U.S.C. § 1335, which affords federal subject matter jurisdiction over "any civil action of interpleader involving money or property worth $500 or more where two or more adverse claimants, of diverse citizenship as defined in 28 U.S.C. § 1332, 'are claiming or may claim to be entitled to such money or property,' if the plaintiff has deposited the money or property with the court." *New York Life Ins. Co. v. Conn. Dev. Auth.*, 700 F.2d 91, 95 (2d Cir.1983) (quoting 28 U.S.C. § 1335(a)(1)) (footnote omitted). Personal jurisdiction over statutory interpleader claimants is available through the nationwide service of process provisions of 28 U.S.C. § 2361.

In this case, federal subject matter jurisdiction exists because the proceeds of the insurance policy are worth more than $500, two or more adverse claimants are of diverse citizenship (*see* ECF No. 1 at ¶¶ 2-6), and Plaintiff has deposited the funds with the Court (ECF Nos. 47, 49). Additionally, the Court has personal jurisdiction over the Defaulting Defendants because they each either waived or received legally sufficient process within the United States. (ECF Nos. 9, 23, 24, 26, 28-30.) Accordingly, this Court has jurisdiction to consider the merits of the Motion.

### B. Default Judgment

The Court grants the Motion (ECF No. 44) and enters default judgment for Louise. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). A "defendant, by his default, admits the plaintiff's well-pleaded allegations of fact." *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009). "In an interpleader action in which all but one named interpleader defendant has defaulted, the remaining defendant is entitled to the res." *Valley Forge Life Ins. Co. v. Rockmore*, No. 7:07-cv-0063, 2008 WL 1805450, at *1 (M.D. Ga. Apr. 18, 2008) (citing *Nationwide Mut. Fire,*

*Ins. Co. v. Eason*, 736 F.2d 130, 133 n.4 (4th Cir. 1984); *New York Life Ins. Co.*, 700 F.2d at 95-96; *Sun Life Assur. Co. of Canada v. Conroy*, 431 F. Supp. 2d 220, 226 (D.R.I. 2006)).

Here, the Clerk entered default against all Defendants, which the Court later set aside only as to Louise. (ECF Nos. 35, 39.) The Defaulting Defendants and Louise have competing claims to the life insurance proceeds at issue. In a 2014 designation, Ethel apportioned 25% of the proceeds under the Policy to each Defaulting Defendant, individually. (ECF No. 1 at ¶ 12; ECF No. 1-4.) On March 17, 2017, however, Metropolitan received a new beneficiary designation that allocated 100% of proceeds under the Policy to Louise. (ECF No. 1 at ¶ 13; ECF No. 1-5.) Ethel died eleven days later, on March 28, 2017. (ECF No. 1 at ¶ 11.) The issue raised by the pleadings in this case is whether Ethel had the mental capacity to name Louise the sole beneficiary of Policy proceeds. (*Id.* at ¶ 17.) Attached to the Complaint is a notarized letter of Bridgett Biggers, who worked for the hospice company caring for Ethel in her final days and states that Ethel was alert and oriented when she signed the 2017 beneficiary designation. (ECF No. 1-10.) Another son of Ethel's, Anthony McDowell, submitted a notarized letter recounting a conversation he had with Ethel in January 2017, where Ethel stated her intent to make Louise the beneficiary under the Policy. (ECF No. 1-11.) Those uncontested allegations, accepted as true, support Louise's recovery of the funds at issue. *Valley Forge Life Ins. Co.*, 2008 WL 1805450, at *1 ("In an interpleader action in which all but one named interpleader defendant has defaulted, the remaining defendant is entitled to the res.").

Thus, the Court **orders** as follows:

1. The motion for default judgment (**ECF No. 44**) is **granted.**
2. Louise McDowell is entitled to the net proceeds of the Policy, which Metropolitan paid into the registry of the court, (**ECF No. 47**). For the reasons detailed in paragraph 6, below, the Clerk shall not disburse these funds without further order of the Court.
3. The Defendants are restrained from instituting any action against Metropolitan affecting the life insurance benefits that are the subject of this action.
4. Metropolitan is discharged from further liability under the Policy by reason of the death of Ethel McDowell.
5. The **Clerk** is directed to **close** this case, **deny** any pending motions as moot, and **mail** copies of this order to the Defaulting Defendants at the addresses listed below.
6. On or before February 7, 2019, Metropolitan may submit a motion detailing its entitlement to attorneys' fees and costs in this action, and the

amount of those fees and costs. If an agreement is reached before that date on the issues subject to that motion, the parties shall notify the Court of the same and the Court will instruct the Clerk to disburse the Policy proceeds as appropriate.

**Done and ordered** in chambers at Miami, Florida on January 8, 2019.

_____
Robert N. Scola, Jr.
United States District Judge

*Copies to:*
Daniel McDowell
14124 SW 263rd Lane
Miami, Florida 33032

Patrian McDowell
310 North Bluff Road
Athens, Georgia 30601

Louise McDowell
1645 Trey Lane
Winder, Georgia 30680

Caleb McDowell
11338 SW 190th Lane
Miami, Florida 33137

Timothy McDowell
10740 SW 146th Terr.
Miami, Florida 33176